IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs March 8, 2016

## STATE OF TENNESSEE v. KENDERICK MICHAEL TUCKER

**Appeal from the Circuit Court for Rutherford County**
**No. F67701A, F65587     David M. Bragg, Judge**

_____

**No. M2015-01155-CCA-R3-CD- Filed May 27, 2016**

_____

Defendant, Kenderick Michael Tucker, appeals from the trial court's revocation of probation. Defendant contends that the trial court denied him due process by relying upon evidence that was not alleged in the probation violation warrant. Defendant also contends that he was denied due process because the warrant provided insufficient notice and because the trial court made insufficient findings of fact. The State argues that Defendant admitted his probation violation, and therefore, the evidence supports the trial court's order of revocation. After a careful review of the record, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Trial Court Affirmed**

THOMAS T. WOODALL, P.J., delivered the opinion of the Court, in which D. KELLY THOMAS, JR. and CAMILLE R. MCMULLEN, JJ., joined.

Travis M. Lampley, Murfreesboro, Tennessee (on appeal); Thomas Parkerson, Murfreesboro, Tennessee (at trial), for the Appellant, Kenderick Michael Tucker.

Herbert H. Slatery III, Attorney General and Reporter; Jonathan H. Wardle, Assistant Attorney General; Jennings Hutson Jones, District Attorney General; and Dana Minor, Assistant District Attorney General, for the Appellee, State of Tennessee.

## OPINION

*Procedural history*

On November 24, 2010, pursuant to a negotiated plea agreement, Defendant pleaded guilty in case number 65287 to one count of conspiracy to commit aggravated robbery. He was sentenced to six years to be served on supervised probation, ordered to

complete 300 hours of public service, and ordered to pay court costs, fines, and restitution. On September 23, 2011, a probation violation warrant was issued, alleging that Defendant had failed to perform public service and pay restitution and court costs as required, and that he tested positive for marijuana, failed to report, and failed to submit a DNA sample. An amended warrant, filed on November 4, 2011, alleged that Defendant had received new charges in case number 67701, of aggravated robbery, criminal conspiracy, and being a felon in possession of a handgun. Defendant subsequently pleaded guilty in case number 67701 to the lesser-included offense of robbery, and upon motion of the State, the remaining charges were dismissed. Defendant agreed that he had violated his probation in case number 65287, and the trial court reinstated his probation. In case number 67701, the trial court sentenced Defendant to five years' probation, and ordered the sentence to run consecutively to case number 65287. The judgment in case number 67701 indicated that "Defendant "agree[d] on his [first] violation to SERVE THE ENTIRE SENTENCE IN THIS CASE AS WELL AS CASE 65287." (Emphasis in original).

On November 1, 2012, a probation violation warrant was issued, alleging that Defendant had not performed the required public service work or paid court costs, and that he did not report as instructed, did not provide a verifiable address, and failed to verify his employment. The warrant was not served until January 10, 2015. Following an evidentiary hearing on May 19, 2015, the trial court found that Defendant violated his probation in case number 65287, revoked Defendant's probation, and ordered Defendant to serve his sentence. The trial court reinstated Defendant's probation in case number 67701.

*Probation violation hearing*

Cimberly Bolton, of the Tennessee Department of Correction, testified that she began supervising Defendant after he was placed on probation the second time in June, 2012, following the reinstatement of his probation in case number 65287. She attempted to verify Defendant's address several times and was unsuccessful. She testified that Defendant failed to report between September 2012, and January 2015, when he was arrested on the current probation violation warrant. Ms. Bolton testified that since his arrest, Defendant reported three to four times per month, he passed his drug screens, and he paid his court costs as ordered. She testified that Defendant's employment had been verified.

Defendant testified that he only reported three times between June 2012, and October 2012. He testified that he "was bouncing around" and did not have a "stable place to stay" after his release from incarceration. Defendant admitted that "it was sporadic about how [he] was reporting." Defendant testified that he was required to

2

report to his probation officer twice a month, but that his probation officer told him he could report just once a month. Defendant testified that he had begun paying his court costs on a payment schedule. He testified that he attempted to verify his address with Ms. Bolton and that he planned to show her a letter addressed to him at his current address, but the violation warrant was issued before he was able to provide it to her.

Defendant testified that he did not report to his probation officer for three years (between 2012 and 2015) because he stayed home with his son while his wife worked, and they could not afford childcare. Defendant testified that he did not complete public service work because he "didn't know where to do it." Defendant testified that he had "made strides to become a better and productive citizen." He acknowledged that he "may have gone about it the wrong way[.]" He testified that he began reporting once a week prior to the violation hearing. Defendant asked the court to reinstate his probation. Defendant acknowledged that he understood that he would have to serve his sentence if he violated probation.

Defendant's wife, Ashleigh Tucker, testified that she and Defendant had been together "on and off [for] about five years." She testified that they have a son together, and they were married "a couple of days" prior to the hearing. She testified that Defendant moved in with her after their son was born. She testified that she had seen a "[d]ramatic change" in Defendant. She testified that Defendant was "definitely more active" since their son was born, and Defendant "ma[de] it a point to do everything he can to provide for [them]." Defendant helped "[t]remendously" with their son.

Defendant's mother, Anna Tucker, testified that Defendant was "a whole different person" since having his son. Ms. Tucker agreed that Defendant's failure to report for three years was not the right thing to do. She asked the court to allow Defendant to continue to provide for his family.

At the conclusion of the hearing, the trial court found that Defendant violated his probation. The trial court found that Defendant "was advised at [the time he entered a guilty plea to his prior probation violation] that he would have to serve his sentence on his first violation." The court made the following findings:

> The part of it that's sad, that's tragic is that [Defendant] still doesn't see anything wrong with him making a decision that his commitment to this Court, his commitment to his community, his commitment to the law and to justice – the same justice that gave him that deal, that allowed him to walk out of the courtroom when he entered this plea – that once he walked out, he could make up his own mind

3

about when he reported to probation, and he could make up his own mind about what's important in his life.

This Court has no question that [Defendant] owes an obligation to his wife and to his child. He also owes an[ ] obligation to this Court and to the State of Tennessee.

. . . .

When you knew you had violated – according to your testimony, you made a conscious choice not to turn yourself in, not to pick up that warrant and deal with it at the time. But to not do anything, and continue to live your life on your terms for a period of almost three years.

Now, [defense counsel] is right. Nobody filed an amended warrant. Can't tell you why.

. . . .

But you violated the terms of your probation, based upon your own testimony, by failing to do those things that the warrant alleges at the time the warrant was executed. And you chose to have this time on your own terms not to give the State of Tennessee what they agreed with you and what you agreed with them you would do when you left this court or when you were in this court.

The trial court revoked Defendant's probation and ordered Defendant to serve his sentence in incarceration.

*Analysis*

In this appeal, Defendant contends that the trial court violated his due process rights because it relied upon the three-year period of time after the probation violation warrant was issued, rather than relying upon those matters alleged in the warrant, in finding that a violation occurred. Defendant also argues that the trial court did not make sufficient written or oral findings of fact. The State responds that Defendant admitted his probation violation in the manner alleged in the probation violation warrant; therefore, the evidence supports the trial court's order.

4

Upon a finding by a preponderance of the evidence that a defendant has violated a condition of his or her probation, a trial court may revoke probation and order the imposition of the original sentence. T.C.A. §§ 40-35-310, -311; *State v. Kendrick*, 178 S.W.3d 734, 738 (Tenn. Crim. App. 2005) (citing *State v. Mitchell*, 810 S.W.2d 733, 735 (Tenn. Crim. App. 1991)). We will not disturb the trial court's ruling on appeal absent an abuse of discretion. *State v. Shaffer*, 45 S.W.3d 553, 554 (Tenn. 2001) (citing *State v. Harkins*, 811 S.W.2d 79, 82 (Tenn. 1991)). To establish an abuse of discretion, a defendant must show that there is "no substantial evidence" in the record to support the trial court's determination that a violation of probation has occurred. *Id.* Proof of a violation does not need to be established beyond a reasonable doubt. *State v. Milton*, 673 S.W.2d 555, 557 (Tenn. Crim. App. 1984). Rather, if a trial court finds by a preponderance of the evidence that a violation has occurred, the court may revoke the probation and suspension of the sentence. T.C.A. § 40-35-311(e).

Upon finding a violation, the trial court is vested with the statutory authority to revoke the probation and suspension of sentence and "[c]ause the defendant to commence the execution of the judgment as originally entered." T.C.A. § 40-35-311(e)(1)(A). Furthermore, when probation is revoked, the trial judge may order "the original judgment so rendered to be in full force and effect from the date of the revocation of the suspension." T.C.A. § 40-35-310(a). The trial court retains the discretionary authority to order the defendant to serve the original sentence. *See State v. Duke*, 902 S.W.2d 424, 427 (Tenn. Crim. App. 1995).

In matters of probation revocation, defendants are not entitled to "'the full panoply of procedural safeguards associated with criminal trial'" but nonetheless "must be afforded due process in the revocation proceeding." *State v. Wade*, 863 S.W.2d 406, 408 (Tenn. 1993) (quoting *Black v. Romano*, 471 U.S. 606, 613 (1985)). The United States Supreme Court set forth the minimum due process requirements for probation revocation proceedings in *Gagnon v. Scarpelli*, which include: (1) written notice of the allegations; (2) disclosure of adverse evidence; (3) an opportunity to be heard and present witnesses; (4) a conditional opportunity to cross-examine witnesses; (5) "an independent decision maker[;]" and (6) a written statement from the decision maker regarding evidence relied upon and reasons for revocation. 411 U.S. 778, 786 (1973) (citing *Morrissey v. Brewer*, 408 U.S. 471, 489 (1972)).

Defendant asserts that the probation violation warrant provided insufficient notice of the allegations against him because no amended warrant was filed alleging that Defendant failed to report between November 1, 2012, the date the warrant was issued, and January 10, 2015, the date the warrant was executed. Defendant asserts that he "was only put on notice of a potential violation" based on the four-month time period between his probation being reinstated in case number 65287 and the date the warrant was issued.

5

Defendant received written notice of the allegations against him, including his failure to verify his employment, his failure to report as instructed, his failure to perform public service work as ordered, and his failure to pay court costs, fines, restitution, and probation fees, when the probation violation warrant was served on January 10, 2015. Regarding Defendant's contention that the trial court violated his due process rights by relying on evidence that he failed to report in the three years subsequent to the issuance of the probation violation warrant, the State asserts that Defendant has waived the issue by failing to object to the testimony at the hearing. *See* Tenn. R. App. P. 36(a). We agree with the State. Defendant did not object to Ms. Bolton's testimony regarding his failure to report between 2012 and 2015, and Defendant testified himself that he did not report during those three years and gave his reasons for not doing so. In his argument to the court, defense counsel raised the issue that no amended warrant was issued alleging that Defendant failed to report for three years. However, defense counsel also stated, "there's two ways to look at this in my opinion. One, you can take into account – and I'm certain the Court will – that he didn't report for three years. And the Court should take that into account."

Defendant cannot now complain that the trial court should not have considered this evidence. Moreover, the trial court's ruling makes clear that the court relied upon evidence of the allegations contained in the probation violation warrant. The trial court noted the length of time between the issuance of the warrant and its execution and noted that an amended warrant was not filed. The trial court then specifically found that Defendant "violated the terms of [his] probation, based upon [his] own testimony, by failing to do those things that the warrant alleges at the time the warrant was executed." We conclude that the evidence does not preponderate against these findings. Defendant is not entitled to relief on this issue.

Defendant also asserts that the trial court made insufficient findings of fact to support its order of revocation. Where the trial court has made oral findings regarding the revocation and the basis for the decision on the record, a transcript of a hearing satisfies the "written statement" requirement of due process. *State v. Leiderman*, 86 S.W.3d 584, 591 (Tenn. Crim. App. 2002). The trial court's oral findings, quoted above, included the trial court's reasons for revoking probation. The trial court found that Defendant "violated the terms of [his] probation, based upon [his] own testimony, by failing to do those things that the warrant alleges at the time the warrant was executed." We conclude that these findings satisfy the due process requirement of a written finding. Defendant is not entitled to relief on this issue.

6

CONCLUSION

For the foregoing reasons, the judgment of the trial court is affirmed.


_____
THOMAS T. WOODALL, PRESIDING JUDGE